UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS BYRD,

                Plaintiff,

      -against-

PERRIGO MANUFACTURING CO.,

                Defendant.

21-CV-3542 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, currently incarcerated at Centralia Correctional Center in Centralia, Illinois, brings this action *pro se*. Plaintiff requests leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Byrd v. Spiller, et a..*, No. 14-CV-1158 (S.D. Ill. Nov. 17, 2014) (holding that "[b]ecause Plaintiff has four "strikes" for purposes of [28 U.S.C.] § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury").[1] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The bar order counted the following four dismissals as strikes: *Byrd v. Taylor, et al..*, No. 11-CV-1195 (C.D. Ill. Aug. 30, 2011) (prisoner complaint asserting claims for failure to protect dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii) for failure to state a claim and dismissal designated a strike); *Byrd v. Tilden, et al..*, No. 13-CV-1434 (C.D. Ill. Oct. 22, 2013) (prisoner complaint asserting claims for deliberate indifference to serious medical needs dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A and dismissal designated a strike); *Byrd v. Shicker, et al..*, No. 13-CV-0783 (S.D. Ill. Nov. 21, 2013)(prisoner complaint "is deemed frivolous for purposes of Section 1915(g); therefore Plaintiff will be allotted a STRIKE"); *Byrd v. Shahr, et al..*, No. 13-CV-1055 (S.D. Ill. Nov. 18, 2013) (prisoner complaint dismissed with prejudice for failure to state any claim on which relief could be granted and dismissal designated a strike).

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that at Centralia Correctional Center, he was prescribed a topical cream manufactured or distributed by Defendant Perrigo, that caused him tumors. Because the complaint does not show imminent danger, Plaintiff cannot proceed IFP with this action.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

SO ORDERED.

Dated: May 4, 2021
New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).